PEOPLE, PLAINTIFF AND APPELLEE, *v.* CARRASQUILLO ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Humacao in a Prosecution for Cruelty to Animals.

No. 1096.—Decided February 9, 1917.

DISMISSAL OF PROSECUTION—TRIAL WITHIN STATUTORY PERIOD.—The time fixed by subdivision 2 of section 448 of the Code of Criminal Procedure is not counted from the date of defendant's arrest, but from the date on which the information is filed; and a simple calculation suffices to show that the one hundred and twenty days fixed therein had not elapsed, and that therefore the said subdivision is not applicable.

ID.—ID.—As the record fails to show in proper form the date on which the defendants were arrested, there are no grounds on which to base a decision as to whether subdivision 1 of section 448 of the Code of Criminal Procedure is applicable to this case.

CRUELTY TO ANIMALS—COCKFIGHT—SPECTATOR.—A person who voluntarily attends a cockfight, bets on the result and encourages the birds to continue fighting, participates in the unlawful act committed, and, therefore, is guilty of the misdemeanor defined and penalized by section 5 of the Act to prevent cruelty to animals, approved March 10, 1904. Such person cannot be considered as a mere spectator within the meaning of the jurisprudence established in the case of *People* v. *Ramírez et al.,* 18 P. R. R. 266.

The facts are stated in the opinion.

*Mr. Francisco González* for the appellants.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

In so far as pertinent, the information filed by the district attorney in this case is as follows:

"The district attorney charges Antonio Carrasquillo, Bautista de Jesús, José González, Juan Felipe Nieves, Felipe Guzmán, José Pérez and Porfirio Díaz with committing a misdemeanor by violating section 5 of the Act to prevent cruelty to animals, approved March 10, 1904, as follows: In the town of Gurabo of the Judicial District of Humacao and on one of the days of the month of December, 1915, the said Antonio Carrasquillo, Bautista de Jesús, José González, Juan Felipe Nieves, Felipe Guzmán, Porfirio Díaz and José Pérez then and there wilfully and unlawfully carried on and took part in a cockfight."

The date of the filing of the information is not shown, but it appears that it was verified by the district attorney before the secretary of the court on March 1, 1916.

The case was called for trial on May 8, 1916, and the statement of the case shows that the following took place:

"The defendants were arraigned and moved for a dismissal under subdivisions 1 and 2 of section 448 of the Code of Criminal Procedure, on the ground that they were arrested on or about the thirteenth or fourteenth day of December last and were not brought to trial until after the expiration of the time fixed by the said section, without sufficient cause for the delay.

"The district attorney opposed the motion on the ground that the record shows that the case was continued because Attorney Piñero was a member of the House of Delegates.

"Attorney Piñero said that the time fixed by law had expired even when computed from the date of the information. The infor-

mation is shown to have been filed on February 29 and the acts charged took place during the month of December last. The court holds that in any event the question lies in the discretion of the court, and the courts always favor deciding cases pending before them on their merits and not on incidents which do not affect the rights of the parties. It is a fact that the district attorney, who undoubtedly was misinformed, thought that Piñero was the attorney for the defendants, and the court itself was told that this case could not be tried because Piñero was the attorney for the defendant. There is no doubt that there has been a misunderstanding, but it does not appear that there was any intention to injure the defendants or that their rights were really affected, and for these reasons and also in view of the fact that the court has been overwhelmed with work, it overrules the motion.

"The defendants, by their attorneys, took exception and pleaded not guilty."

Section 448 of the Code of Criminal Procedure provides that—

"The court, unless good cause to the contrary is shown, shall order the prosecution to be dismissed in the following cases:

"1. Where a person has been held to answer for a public offense, if an information is not filed against him within sixty days thereafter;

"2. If a defendant, whose trial has not been postponed upon his application, is not brought to trial within one hundred and twenty days after the filing of the information."

The second paragraph is not applicable. We have already stated that the exact date on which the information was filed is not shown, but, conceding that it was filed on the same day that it was verified by the district attorney, a simple computation will suffice to show that the time between March 1 and May 8, 1916, falls short of the statutory limitation of one hundred and twenty days.

Perhaps the first paragraph should have been applied. If the defendants were arrested on the thirteenth or fourteenth day of December, 1915, and the information was not filed until March 1, 1916, a simple arithmetical calculation would show that more than the sixty days prescribed by law elapsed between the arrest of the defendants and the filing of

the information. However, as the prosecution contends, we are debarred from considering this point, because there is nothing in the record other than the statement of the attorney for the defendants to show the date on which they were arrested; and, according to the jurisprudence laid down in the case of *People* v. *Alsina et al.*, 22 P. R. R. 426, "when the record fails to show the date on which the accused were arrested in order to enable the court to decide whether the information was filed within the time prescribed by law and therefore to determine whether the court had jurisdiction of the case, it must be presumed that the information was filed within the legal period."

The prosecution having rested, a motion was made to discharge the defendants on the ground that the facts shown by the evidence did not constitute an offense.

The defendants contend that even conceding that they bet on the cocks and shouted while they were fighting "Break his neck" and "Strike him, cock," it cannot be concluded that they committed any act constituting an offense, and in support of their contention they cite the law and the jurisprudence laid down in the case of *People* v. *Ramírez*, 18 P. R. R. 266.

The law applicable to the case is to be found in section 5 of the Act of 1904, to prevent cruelty to animals, (Comp. of 1911, p. 22), which reads as follows:

"Any person who sets on foot, instigates, promotes or carries on, or does any act as assistant, umpire or principal, or in any way aids in or engages in the furtherance of any fight between cocks or other birds, or dogs or bulls or other animals premeditated by any person owning or having custody of such birds or animals, shall be punished by a fine not exceeding fifty dollars, or by imprisonment not exceeding thirty days, or by both penalties in the discretion of the court."

The jurisprudence established by this court in the case relied on by the defense was that mere spectators of a cock-

fight are not chargeable with the offense defined and penalized by the said act.

But in this case the defendants were not mere spectators, as was properly held by the trial court. The district attorney charged them with carrying on and taking part in a cockfight, which is one of the ways of committing the offense. "Or in any way aids in or engages in the furtherance of any fight," says the statute, and what else can be said of persons who attended a cockfight, which is prohibited by law, staked money and by shouts incited the cocks to fight, if not that they took part therein? They were not mere spectators. They wilfully and unlawfully made themselves principals and it is natural and just that they should suffer the consequences of their own acts.

When the court ruled upon the question raised by the defense in the manner herein stated, the defense moved for the acquittal of the defendants on the ground that the evidence was not sufficient to show that they took part in the cockfight. The court, we think, properly overruled the motion, for a simple examination of the testimony of the witnesses for the prosecution easily justifies the finding that the evidence against the defendants was sufficient.

The judgment appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.